

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID ANGSTADT and<br>BARBARA ANGSTADT, h/w,<br>Parents and Natural Guardians of<br>MEGAN ANGSTADT, a Minor,<br><br>        Plaintiffs<br><br>vs.<br><br>MIDD-WEST SCHOOL DISTRICT,<br><br>        Defendants | CIVIL NO.: 4:02-CV-00145<br><br>(JUDGE McClure)<br><br>COMPLAINT FILED:<br><br>JURY TRIAL DEMANDED<br><br>FILED<br>WILLIAMSPORT, PA<br><br>JAN 2 9 2002<br><br>MARY E. D'ANDREA, CLERK<br>Per _____<br>        Deputy Clerk |

## COMPLAINT

1. Plaintiffs David Angstadt and Barbara Angstadt, h/w, are adult individuals, parents and natural guardians of Minor Plaintiff Megan Angstadt, currently residing at RR 2, Box 305, Middleburg, PA, within the Middle District of Pennsylvania.

2. Megan Angstadt is a minor with date of birth of January 31, 1987.

3. Defendant Midd-West School District is a public school district created and operating pursuant to the laws of the Commonwealth of

1

Pennsylvania, with main offices located at 568 East Main Street, Middleburg, PA, within the Middle District of Pennsylvania.

4. This action arises under the First and Fourteenth Amendments to the United States Constitution, and 42 U.S.C. §1983 and the Pennsylvania Charter School Law, Pa. Stat. Ann. tit. 24, §§17-1701-A *et seq*.

5. Jurisdiction is founded upon 28 U.S.C. §§1331 and 1343. This Court may also exercise supplemental jurisdiction over Plaintiffs' state claims pursuant to 28 U.S.C. Section 1367.

6. Venue is proper within the Middle District of Pennsylvania.

7. Megan Angstadt is a minor individual of compulsory school age.

8. Defendant is Megan Angstadt's "school district of residence" pursuant to the Pennsylvania Charter School Law.

9. From the third through the eighth grades, ending in 2001, Megan Angstadt, with the knowledge and authorization of Defendant, was a lawfully home-schooled student.

10. As of the end of the school year 2000 – 2001, Megan Angstadt had successfully completed grades three through eight as a home-schooled student.

11. During the 1999 – 2000 and 2000 – 2001 school years, Defendant authorized and permitted Megan Angstadt to practice, play and compete

2

in interscholastic seventh and eighth grade basketball for Defendant School District while a home-schooled student.

12. Early in the 2001 – 2002 school year, Megan Angstadt was lawfully enrolled as a ninth grade student with Western Pennsylvania Cyber Charter School ("WPCCS").

13. WPCCS is a duly chartered and certified charter school pursuant to the Pennsylvania Charter School Law, and lawfully operates as such in Pennsylvania.

14. Pursuant to the Pennsylvania Charter School Law: "Notwithstanding any provision to the contrary, no school district of residence shall prohibit a student of a charter school from participating in any extracurricular activity of that school district of residence: Provided, That the student is able to fulfill all of the requirements of participation in such activity and the charter school does not provide the same extracurricular activity." Pa. Stat. Ann. tit. 24, §§17-1719-A(14).

15. WPCCS does not have a basketball team for female students of Megan Angstadt's age and grade.

16. During the beginning of the 2001 – 2002 basketball season, Megan Angstadt practiced, played, and competed in at least one interscholastic basketball game for Defendant.

17. Defendant, however, has now placed upon Megan Angstadt unreasonable, arbitrary and capricious requirements in order for her to continue practicing, playing and competing in interscholastic basketball for Defendant.

18. Defendant has refused to allow Megan Angstadt to practice, play and compete in interscholastic basketball for Defendant by claiming that Megan Angstadt has not met the unreasonable, arbitrary and capricious requirements.

19. Megan Angstadt has met all charter school, cyber charter school, Pennsylvania Department of Education, and PIAA requirements, and all reasonable requirements placed upon her by Defendant, to practice, play and compete in interscholastic basketball for Defendant.

20. Nevertheless, Defendant continues to refuse to allow Megan Angstadt to practice, play and compete in interscholastic basketball for Defendant.

21. Plaintiffs seek a Temporary Restraining Order requiring Defendant to permit Megan Angstadt to practice, play and compete in interscholastic basketball for Defendant.

22. Megan Angstadt will suffer immediate and irreparable injury, loss or damage should Defendant be permitted to continue placing unreasonable, arbitrary and capricious requirements upon Megan Angstadt to practice,

play and compete in interscholastic basketball for Defendant, and to continue refusing to allow Megan Angstadt to practice, play and compete in interscholastic basketball for Defendant.

## COUNT I

23. Paragraphs 1 through 22 are incorporated herein by reference as though fully set forth.

24. 42 U.S.C. §1983 provides, in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State...subjects or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. §1983.

25. Pursuant to the First Amendment to the United States Constitution: "Congress shall make no law...abridging the...right of the people peaceably to assemble." U.S. Const. Amend I.

26. Pursuant to the First Amendment to the United States Constitution, Plaintiffs and Megan Angstadt have a right to associate with WPCCS to provide Megan Angstadt with an education as authorized and permitted by the Commonwealth of Pennsylvania.

5

27. Defendant, by placing upon Plaintiffs and Megan Angstadt unreasonable, arbitrary and capricious requirements to practice, play and compete in interscholastic basketball for Defendant, and by refusing to allow Megan Angstadt to practice, play and compete in interscholastic basketball for Defendant, have abridged Plaintiffs' and Megan Angstadt's freedom of association with WPCCS.

28. Defendant's conduct was willful and motivated by evil motive or intent or, in addition or in the alternative, involved reckless, callous, or deliberate indifference and disregard of Plaintiffs' and Megan Angstadt's civil rights.

29. As a legal result of Defendant's acts and deprivations, Plaintiffs and Megan Angstadt have suffered loss of Megan Angstadt's ability to practice, play and compete in interscholastic basketball, emotional distress, humiliation, loss of standing and reputation in the community, attorney's fees and costs, and such other damages as may become apparent.

WHEREFORE, Plaintiffs and Megan Angstadt demand judgment in their favor including a Temporary Restraining Order, injunctive and declaratory relief, compensatory damages, punitive damages, attorney's fees and costs, interest, and

all other relief to which he may be entitled under law. Plaintiffs demand a trial by jury.

## COUNT II

30. Paragraphs 1 through 29 are incorporated herein by reference as though fully set forth.

31. 42 U.S.C. §1983 provides, in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State...subjects or causes to be subjected, any citizen of the United States...to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. §1983.

32. Pursuant to the Fourteenth Amendment to the United States Constitution: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend XIV.

33. Pursuant to the Fourteenth Amendment to the United States Constitution and Pa. Stat. Ann. tit. 24, §§17-1719-A(14), Megan Angstadt has a

liberty or property interest in participating in interscholastic basketball for Defendant providing she fulfills all of the requirements of participation in such activity and the charter school does not provide the same extracurricular activity.

34. Defendant, by placing upon Plaintiffs and Megan Angstadt unreasonable, arbitrary and capricious requirements to practice, play and compete in interscholastic basketball for Defendant, and by refusing to allow Megan Angstadt to practice, play and compete in interscholastic basketball for Defendant, have deprived Plaintiffs and Megan Angstadt of the abovesaid liberty or property interest without due process.

35. Defendant's conduct was willful and motivated by evil motive or intent or, in addition or in the alternative, involved reckless, callous, or deliberate indifference and disregard of Plaintiffs' and Megan Angstadt's civil rights.

36. As a legal result of Defendant's acts and deprivations, Plaintiffs and Megan Angstadt have suffered loss of Megan Angstadt's ability to practice, play and compete in interscholastic basketball, emotional distress, humiliation, loss of standing and reputation in the community, attorney's fees and costs, and such other damages as may become apparent.

WHEREFORE, Plaintiffs and Megan Angstadt demand judgment in their favor including a Temporary Restraining Order, injunctive and declaratory relief, compensatory damages, punitive damages, attorney's fees and costs, interest, and all other relief to which he may be entitled under law. Plaintiffs demand a trial by jury.

## COUNT III

37. Paragraphs 1 through 36 are incorporated herein by reference as though fully set forth.

38. 42 U.S.C. §1983 provides, in pertinent part: "Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State…subjects or causes to be subjected, any citizen of the United States…to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. §1983.

39. Pursuant to the Fourteenth Amendment to the United States Constitution: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process

of law; nor deny to any person within its jurisdiction the equal protection of the laws." U.S. Const. Amend XIV.

40. Defendant, by placing upon Plaintiffs and Megan Angstadt unreasonable, arbitrary and capricious requirements to practice, play and compete in interscholastic basketball for Defendant, and by refusing to allow Megan Angstadt to practice, play and compete in interscholastic basketball for Defendant, have deprived Plaintiffs and Megan Angstadt of equal protection of the law based upon Megan Angstadt's status as a cyber charter school student.

41. Defendant's conduct was arbitrary, capricious, willful and motivated by evil motive or intent or, in addition or in the alternative, involved reckless, callous, or deliberate indifference and disregard of Plaintiffs' and Megan Angstadt's civil rights.

42. As a legal result of Defendant's acts and deprivations, Plaintiffs and Megan Angstadt have suffered loss of Megan Angstadt's ability to practice, play and compete in interscholastic basketball, emotional distress, humiliation, loss of standing and reputation in the community, attorney's fees and costs, and such other damages as may become apparent.

WHEREFORE, Plaintiffs and Megan Angstadt demand judgment in their favor including a Temporary Restraining Order, injunctive and declaratory relief, compensatory damages, punitive damages, attorney's fees and costs, interest, and all other relief to which he may be entitled under law. Plaintiffs demand a trial by jury.

## COUNT IV

43. Paragraphs 1 through 42 are incorporated herein by reference as though fully set forth.

44. Defendant has violated the Pennsylvania Charter School Law by setting unreasonable, arbitrary and capricious requirements upon Plaintiffs and Megan Angstadt to participate in interscholastic basketball for Defendant, and by refusing to allow Megan Angstadt to participate in interscholastic basketball for Defendant.

45. As a legal result of Defendant's acts and deprivations, Plaintiffs and Megan Angstadt have suffered loss of Megan Angstadt's ability to practice, play and compete in interscholastic basketball, emotional distress, humiliation, loss of standing and reputation in the community, attorney's fees and costs, and such other damages as may become apparent.

WHEREFORE, Plaintiffs and Megan Angstadt demand judgment in their favor including a Temporary Restraining Order, injunctive and declaratory relief, compensatory damages, punitive damages, attorney's fees and costs, interest, and all other relief to which he may be entitled under law.  Plaintiffs demand a trial by jury.

                RIEDERS, TRAVIS, HUMPHREY, HARRIS,
                     WATERS & WAFFENSCHMIDT

                _____
                Jeffrey C. Dohrmann, Esquire
                Attorney for Plaintiffs
                I.D. No. 68870
                PO Box 215
                161 West Third Street
                Williamsport, PA 17701
                (570) 323-8711

## **VERIFICATION**

I, Barbara Angstadt, hereby verify that the facts set forth in the foregoing Complaint are true and correct to the best of my knowledge, information and belief. I understand that false statements herein are subject to the penalties of 28 U.S.C. Section 1746 related to unsworn falsification to authorities.

*Barbara Angstadt* (signature)
Barbara Angstadt

## CERTIFICATE OF SERVICE

AND NOW comes Jeffrey C. Dohrmann, Esquire, Attorney for Plaintiff, and certifies that a copy of the foregoing Complaint was mailed by first class mail, postage prepaid, to Defendant at 568 East Main Street, Middleburg, PA 17842-1295 and to Defendant's counsel, Alan Levin, Esquire, at 27 West Third Street, P.O. Box 231, Lewistown, PA 17044-0231, and was faxed to both Defendant and Attorney Levin at their respective fax numbers, (570) 837-3018 and (717) 247-3581, this 29th day of January, 2002.

RIEDERS, TRAVIS, HUMPHREY, HARRIS,
WATERS & WAFFENSCHMIDT

Jeffrey C. Dohrmann, Esquire
Attorney for Plaintiffs
I.D. No. 68870
PO Box 215
161 West Third Street
Williamsport, PA 17701
(570) 323-8711

## CERTIFICATE OF SERVICE

AND NOW comes Jeffrey C. Dohrmann, Esquire, Attorney for Plaintiff, and certifies that a copy of the foregoing Application for Temporary Restraining Order and contemporaneously filed Complaint was mailed by first class mail, postage prepaid, to Defendant at 568 East Main Street, Middleburg, PA 17842-1295 and to Defendant's counsel, Alan Levin, Esquire, at 27 West Third Street, P.O. Box 231, Lewistown, PA 17044-0231, and was faxed to both Defendant and Attorney Levin at their respective fax numbers, (570) 837-3018 and (717) 247-3581, this 29th day of January, 2002.

RIEDERS, TRAVIS, HUMPHREY, HARRIS,
WATERS & WAFFENSCHMIDT

Jeffrey C. Dohrmann, Esquire
Attorney for Plaintiff
I.D. No. 68870
PO Box 215
161 West Third Street
Williamsport, PA 17701
(570) 323-8711

6