

FILED
WILLIAMSPORT, PA

JAN 2 9 2002

M____ _____EA, CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DAVID ANGSTADT and<br>BARBARA ANGSTADT, h/w,<br>Parents and Natural Guardians of<br>MEGAN ANGSTADT, a Minor,<br><br>Plaintiffs<br><br>vs.<br><br>MIDD-WEST SCHOOL DISTRICT,<br><br>Defendants | CIVIL NO. 4 CV-02-0145<br><br>(JUDGE McCLURE)<br><br>COMPLAINT FILED:<br><br>JURY TRIAL DEMANDED |

### APPLICATION FOR TEMPORARY RESTRAINING ORDER
### PURSUANT TO FED. R. CIV. P. 65

AND NOW come Plaintiffs, by and through their counsel, Jeffrey C. Dohrmann, Esquire, and set forth as follows:

1. A verified Complaint has been filed contemporaneously herewith as required by Fed. R. Civ. P. 65, and is incorporated herein by reference as though fully set forth.

2. Megan Angstadt will suffer immediate, irreparable harm if a temporary restraining order in the form of an injunction requiring Defendant to permit Megan Angstadt to practice, play and compete in interscholastic basketball for Defendant is not granted.

3. Because Megan Angstadt is in the ninth grade, given the time it would take for trial in this matter, and given the potential for appeals after trial and the length of time it would take for such appeals to be resolved, the failure to enter a temporary restraining order in the form of an injunction requiring Defendant to permit Megan Angstadt to practice, play and compete in interscholastic basketball for Defendant, could effectively prohibit Megan Angstadt from ever practicing, playing or competing in middle school and high school interscholastic basketball, and obtaining the educational and other benefits thereof.

4. In addition, the current interscholastic basketball regular season for Defendant ends with a game on February 11, 2002.

5. The entering of such an Order would not prejudice Defendant in any way.

6. Plaintiffs' counsel spoke with Defendant's Superintendent, Merrill S. Arnold, at 9:05 a.m. on January 28, 2002, notifying him that a

2

Complaint would be filed and a temporary restraining order sought unless Defendant believed this matter could be resolved short of litigation.

7. Superintendent Arnold advised Plaintiffs' counsel that the matter could not be resolved short of litigation.

8. Superintendent Arnold advised Plaintiffs' counsel of the identity, address, phone number and fax number of Defendant's counsel, Alan Levin, Esquire.

9. Plaintiffs' counsel then spoke by telephone with Attorney Levin at 10:50 a.m. on January 28, 2002, after a prior attempt to contact Mr. Levin resulted in no answer at his office, and notified him of the filing of the Complaint and this Application, and that copies of the same would be faxed to him.

10. Plaintiffs' counsel has mailed and faxed the Complaint and this Application to both Superintendent Arnold and Attorney Levin contemporaneously with the filing of the same.

11. Based upon the foregoing, Plaintiffs seek a Temporary Restraining Order in the form of an injunction requiring Defendant to permit Megan Angstadt to practice, play and compete in interscholastic basketball for Defendant during the pendency of this action and as

long as Plaintiffs and Megan Angstadt fulfill the reasonable requirements so to do.

WHEREFORE, Plaintiffs respectfully request This Honorable Court grant this Application for Temporary Restraining Order, issue an immediate injunction requiring Defendant to permit Megan Angstadt to practice, play and compete in interscholastic basketball for Defendant during the pendency of this action and as long as Plaintiffs and Megan Angstadt fulfill the reasonable requirements so to do, and setting this matter down for trial on the remaining issues.

          RIEDERS, TRAVIS, HUMPHREY, HARRIS,
                WATERS & WAFFENSCHMIDT

Jeffrey C. Dohrmann, Esquire
Attorney for Plaintiffs
I.D. No. 68870
PO Box 215
161 West Third Street
Williamsport, PA 17701
(570) 323-8711

## CERTIFICATION OF COUNSEL REGARDING NOTICE

AND NOW comes Jeffrey C. Dohrmann, Esquire, and certifies that he personally made the efforts to notify Defendant and its counsel of this Application and the contemporaneously filed Complaint as such efforts are described in the foregoing Application.

                    RIEDERS, TRAVIS, HUMPHREY, HARRIS,
                        WATERS & WAFFENSCHMIDT

                    Jeffrey C. Dohrmann, Esquire
                    Attorney for Plaintiffs
                    161 West Third Street
                    Williamsport, PA  17701
                    (570) 323-8711

Sworn to and subscribed

Before me this 29th day

of January, 2002.

_____
Notary Public

My Commission expires: July 9, 2005

> Notarial Seal
> Ame L. Shuman, Notary Public
> City of Williamsport, Lycoming County
> My Commission Expires July 9, 2005

Member, Pennsylvania Association of Notaries

5